## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEREMY MCKNIGHT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO: 2:24-cv-00516-NAD** |
| | ) | |
| **CRST LINCOLN SALE, INC.;** | ) | |
| **CRST EXPEDITED INC. D/B/A** | ) | |
| **CRST THE TRANSPORTATION** | ) | |
| **SOLUTION, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### MOTION TO TRANSFER VENUE

---

COME NOW Defendants CRST Lincoln Sales, Inc. ("CRST Lincoln") and CRST Expedited "(CRST Transportation")(collectively, "Defendants"), by and through the undersigned counsel, and, pursuant to 28 U.S.C. § 1404(a), move this Honorable Court for a transfer of venue to the United Stated District Court for the Northern District of Iowa.

In support of its Motion, Defendants show unto the Court as follows:

### BACKGROUND / ALLEGATIONS IN AMENDED COMPLAINT

1.    On May 2, 2024, Plaintiff Jeremy McKnight ("Plaintiff") filed his Amended Complaint in the Northern District of Alabama, stating claims against Defendants in connection with an independent contractor operating agreement ("ICOA") entered into between Plaintiff and CRST Transportation, (Doc. 3-1: Independent Contractor Operating Agreement), and a lease-purchase agreement ("LPA") entered into between Plaintiff and CRST Lincoln. (Doc. 3-2: Equipment Lease).

2.    The ICOA contains a mandatory and exclusive forum selection clause as follows:

**17.  GOVERNING LAW:** This Agreement shall be interpreted in accordance with the laws of the United States and except as otherwise provided herein, of the State of Iowa, without regard to the choice of law rules of such or any other jurisdiction.  **THE PARTIES FURTHER AGREE THAT ANY CLAIM OR DISPUTTE ARISING FROM OR IN CONNECTION WITH THEIS AGREEMENT, WHETHER UNDER FEDERAL, STATE, LOCAL, OR FOREIGN LAW (INCLUDING BUT NOT LIMITED TO 49.C.F.R. PART 376), SHALL BE BROUGH EXCLUSIVIELY IN THE STATE OR FEDERAL COURTS SERVING HAMILTON COUNTY, OH. THE PARTIES HEREBY CONSENT TO THE JURISDICTION AND VENUE OF THE STATE OF ND FEDERAL COURTS SERVING HAMILTONG COUNTY, OH.**

ICOA Doc. 3-1, at p. 21-22 § 17). (emphasis in original)

3.    The LPA also contains a mandatory and exclusive forum selection clause as follows:

**23.  GOVERNING LAW:**  This Lease shall in all respects be governed and construed in accordance with the laws of the United States and, except as otherwise provided herein, the State of Iowa, without record to the choice-of-law rules of Iowa or any other jurisdiction.  THE PARTIES AGREE THATT ANY CLAIM OR DISPUTE ARISING FROM OR IN CONNECTION WITH THIS AGREEMENT, WHETHER UNDER FEDERAL, STATE, LOCAL, OR FOREIGN LAW (INCLUDING BUT NOT LIMITED TO 49 C.F.R. PART 376), SHALL BE BROUGHT EXCLUSIVELY IN THE STATE OR FEDERAL COURTS SERVING LINN COUNTY, IOWA. LESSOR AND LESSEE HEREBY CONSETN TO THE JURIDICTION OF SUCH COURTS.

LPA, .Doc. 3-2, at p.11 § 23. (emphasis in original)

4.    At Paragraph 24 of the Amended Complaint, Plaintiff alleges that the agreements are interrelated and contingent on each other essentially operating as one agreement[1].

---

[1] Defendants do not concede that the agreements are contingent on each other and operate as one agreement.

5. At Paragraph 96 of the Amended Complaint, Plaintiff alleged CRST Lincoln assigned its rights under the LPA to CRST Transportation.

## APPLICABLE LAW

5. Under federal law, a forum-selection clause is enforceable by a motion to transfer under 28 U.S.C. § 1404(a). *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 52 (2013).

6. "'Forum Selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances.'" *Drax Biomass, Inc. v. Lamb*, No. 1:20-cv-04727-SDG, 2021 U.S. Dist. LEXIS 73532, at *8 (N.D. Ga. Apr. 16, 2021) (citing *Krenkel v. Kerzner Int'l Hotels, Ltd*., 579 F.3d 1279, 1281 (11th Circ. 2009) (citing *Carnival Cruises Lines, Inc.* v. Shute, 499 U.S. 585, 593-95 (1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).

7. When a motion to transfer under 28 U.S.C. § 1404(a) is filed, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.*; *see M/S Bremen,* 407 U.S. at 15 (finding forum-selection clauses are valid and should be given controlling weight in all but the most exceptional circumstances); *see also Davis v. Oasis Legal Fin. Operating Co., LLC*, 936 F.3d 1174, 1178 (11th Cir. 2019).

8. Where there are conflicting forum selection clauses, the Court need not enforce both as doing so would be wasteful and inefficient. The Court may decline to do so out of concern for wasting judicial and party resources and the inefficiency that arises from splitting the action into multiple proceedings. *See, e.g., Jones v. Custom Truck & Equip., LLC*, No. 3:10-cv-611, 2011 U.S. Dist. LEXIS 7025, at *4 (E.D. Va. Jan. 25, 2011).

9. Rather, the Court may take a fact intensive analysis to determine which forum selection clause should be enforced. *See, e.g. Drax Biomass, Inc.*, 2021 U.S. Dist. LEXIS 73532, at *11 (citing *Fortune-Johnson, Inc. v. Master Woodcraft Cabinetry, LLC,* No. 1:15-cv-4123-SCJ, 2016 U.S. Dist. LEXIS 76161, at *3 (N.D. Ga. Feb. 3, 2016) (citing *Samuels v. Medytox Sols., Inc.*, No. 13-7212 SDW, 2014 U.S. Dist. LEXIS 125525, at *4 (D.N.J. Sept. 8, 2014); *Jones*, 2011 U.S. Dist. LEXIS 7025, at *4; *Bio World Merch., Inc. v. Interactive Bus. Info Sys., Inc.*, No. 3:19-cv-2072-E, 2020 U.S. Dist. LEXIS 188782, at *4 (N.D. Tex. Oct. 9, 2020) (collecting cases))).

10. The question of which of two conflicting forum-selection clauses to apply is for the Court to decide as a matter of law. *Drax Biomass, Inc.*, 2021 U.S. Dist. LEXIS 73532, at *10 (citing *Asoma Corp. v. SK Shipping Co.*, 467 F.3d 817, 822 (2d Cir. 2006).

## ARGUMENT

I.  **Under the LPA and pursuant to the claims alleged in the Amended Complaint, the proper forum for this action is in the Federal District Court for the Northern District of Iowa**

11. Though the allegations of the Amended Complaint are connected to both the ICOA and the LPA, (Doc. 3-2), the forum-selection clause within the LPA should control.

12. Where two or more conflicting forum-selection clauses arise, they may be resolved either through a merger clause, designating the two agreements as a single document under one agreement, or through an independent analysis of the case. *See Drax Biomass, Inc.*, 2021 U.S. Dist. LEXIS 73532, at *11.

13. Here, there is no express merger clause; however, the Plaintiff's Amended Complaint, on its face, alleges the ICOA and LPA acted together as a "lease-purchase owner-operator agreement," (Doc. 3: ¶¶ 18-19), and that the two are interrelated and operate as one agreement. (*Id.*, ¶ 24).

14.     When conducting an independent analysis of the case to resolve conflicting forum-selection clauses, courts weigh the facts, including the claims at issue. *Drax Biomass, Inc.*, 2021 U.S. Dist. LEXIS 73532, at *10; *see Schrenkel v. Lendus, LLC*, No. 2:18-cv-382-FtM-29CM, 2018 U.S. Dist. LEXIS 185530, at *14-15 (M.D. Fla. Oct. 30, 2018).

15.     Forum-selection clauses in contracts are to be read "in the context of the entire contractual arrangement to give effect to all the terms of that arrangement." *Blue Ocean Corals, LLC v. Phoenix Kiosk, Inc.*, No. 14-CIV-61550, 2014 U.S. Dist. LEXIS 131714 (S.D. Fla. Sept. 19, 2014 (citing *Pers. Sec. & Safety Sys. Inc. v. Motorolla Inc.*, 297 F.3d 388, 395 (5th Cir. 2002).

16.     Under Count I of the Complaint, Plaintiff alleges violations of federal truth in leasing in connection with the LPA. (Doc. 3, ¶¶ 95-97, 102-123, 126).  Under Count II, Plaintiff alleges a breach of fiduciary duty in connection with the LPA. (*Id.*, ¶¶ 127-130).  Under Count III, Plaintiff alleges breach of contract in connection with the LPA. (*Id.*, ¶¶ 135-140). Under Count IV, Plaintiff alleges conversion in connection with the LPA. (*Id.*, ¶¶ 141-144).  Under Count V, Plaintiff alleges unjust enrichment in connection with the LPA. (*Id.*, ¶¶ 145-149).  Under Count VI of the Complaint, Plaintiff alleges fraud in connection with the LPA. (*Id.*, ¶¶ 150-55).  Finally, under Count VII of the Complaint, Plaintiff alleges violations of the "Odometer Act" in connection with the LPA. (*Id.*, ¶¶ 156-167).

17.     Given that every Count alleged within the Amended Complaint is "arising from or in connection with" the LPA, all claims fall under the LPA forum-selection clause, (Doc.3-2, at p. 11, § 23).  Thus, the District Court for the Northern District of Iowa is the more appropriate forum for Plaintiff's claims. *See, e.g. Drax Biomass, Inc.*, 2021 U.S. Dist. LEXIS 73532, at *10 (finding courts are to enforce the more appropriate forum in cases where there are conflicting forum-selection clauses).

18.     In addition, as alleged in the Amended Complaint, both CRST Transportation and CRST Lincon are Iowa corporations. (Doc. 3, ¶ 4). Plaintiff received the vehicle in Iowa, (*id*., 3, ¶ 22), and signed the LPA at the Iowa location. (*Id*., ¶ 23). CRST Lincoln's address is in Iowa. (Doc. 3-2, p. 1). Plaintiff also alleges he traveled to the Defendants' Iowa hub to complain about the allegations laid out in the Amended Complaint. (*Id.*, ¶ 72). Also, the **Iowa** law governs **both** the LPA, (Doc. 3-2, at p. 11, § 23), and the ICOA, (Doc. 3-1, at p. 21-22 § 17), making it appropriate that the claims, including those in connection with the ICOA, be disputed and adjudicated in Iowa.

19.     Given the facts and interrelationship of the claims that all arise out of or are connected to the LPA, the Iowa forum-selection clause is appropriate venue for this dispute.

**II.     The forum selection clause is enforceable.**

20.     A forum-selection clause is only unenforceable where the challenging party can clearly establish that (1) the clause was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy. *M/S Bremen*, 407 U.S. at 15; *Turner v. Costa Crociere S.P.A,* 9 F.4th 1341, 1345 (11th Cir. 2021). Defendants have a legal right to enforcement of the forum-selection clause because Plaintiff has failed to allege facts clearly establishing that enforcement of the clause would be unfair or unreasonable under the circumstances.

21.     Plaintiff's fraud claims are directed to the entirety of the contracts and not specifically to the forum-selection clause in the LPA itself. (Doc. 3, ¶¶ 150-55). Plaintiff cannot establish that enforcement of the forum-selection clause in the LPA would be unfair because Plaintiff does not specifically allege in his Amended Complaint that the inclusion of the forum-selection clause in the contract was the product of fraud or coercion. *See, e.g. Scherk v. Alberto–*

*Culver Co.,* 417 U.S. 506, 519 (1974) (a forum-selection clause is not unenforceable just because a dispute is based on allegations of fraud; it is unenforceable only where fraud or coercion resulted in its inclusion in the contract). Accordingly, the forum-selection clause is enforceable.

22. Furthermore, Plaintiff cannot establish that enforcement of the forum selection clause would be unreasonable on the basis that the parties' chosen forum would be seriously inconvenient for the trial of the action. "In circumstances where the resisting party claims that the agreed-upon forum is inconvenient, that party must show 'that trial in the contractual forum will be so gravely difficult and inconvenient that [the resisting party] will for all practical purposes be deprived of [its] day in court.'" *M/S Bremen*, 407 U.S. at 18.

23. Plaintiff is a resident citizen of Pleasant Prairie, Wisconsin. (Doc. 3, ¶ 3). Pleasant Prairie is far closer to the Northern District of Iowa in Cedar Rapids, Iowa (approximately 280 miles / 4.5 hours) than to the Northern District of Alabama in Birmingham, Alabama (approximately 723 miles / 11 hours). If anything, transfer of venue to the Northern District of Iowa would better-convenience Plaintiff. Thus, Plaintiff cannot clearly establish that trial in the contractually chosen forum of Iowa would deprive him of his day in court when he was willing to file his Complaint so much farther away from his resident state.

24. For the reasons stated above, the Iowa forum-selection clause is appropriate, and therefore should be given controlling weight, and the claim should be transferred to the Northern District of Iowa pursuant to § 1404(a).

WHEREFORE, foregoing premises considered, Defendant CRST respectfully asks this Court to enter an Order transferring venue to the United Stated District Court for the Northern District of Iowa pursuant to 28 U.S.C. § 1404(a) and the LPA's forum-selection clause.

Respectfully submitted this 28th day of May, 2024,

BY: /s/ Greer B. Mallette
GREER B. MALLETTE (ASB-3245-E53G)
Christian & Small LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Telephone: (205) 250-6605
Facsimile: (205) 328-7234
gbmallette@csattorneys.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on this the 28th day of May, 2024, a copy of the foregoing document has been served upon counsel for all parties to this proceeding via electronic filing or U.S. mail for pro se parties:

Daniel Patrick Evans
THE EVANS LAW FIRM PC
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone: (205) 870-1970
Fax: (205) 870-7763
dpevans@evanslawpc.com


/s/ *Greer B. Mallette*
OF COUNSEL