**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| JEREMY MCKNIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>CRST LINCOLN SALES, INC., and CRST EXPEDITED, INC., d/b/a CRST The Transportation Solution, Inc.,<br><br>Defendants. | No. 24-CV-119 CJW-KEM<br><br>**TRIAL MANAGEMENT ORDER FOR CIVIL JURY TRIAL** |

_____

*TABLE OF CONTENTS*

*I.     INTRODUCTION ........................................................................... 3*

*II.    TRIAL DATE ................................................................................. 3*

*III.   CONTINUANCE OF TRIAL ........................................................... 3*

*IV.   FINAL PRETRIAL CONFERENCE ................................................ 3*

*V.    FINAL PRETRIAL ORDER ........................................................... 3*

   *A.   Witness Lists ......................................................................... 4*

   *B.   Exhibit Lists .......................................................................... 4*

   *C.   Demonstrative Aids .............................................................. 6*

*VI.   WITNESSES ................................................................................. 7*

   *A.   Protocol for Witnesses ......................................................... 7*

   *B.   Exclusion of Witnesses ......................................................... 7*

   *C.   Restrictions on Communications with Witnesses .............. 7*

*VII.  TESTIMONY BY DEPOSITION .................................................... 7*

*VIII. TRIAL-RELATED MOTIONS AND TRIAL BRIEFS ..................... 8*

*IX.   JURY STATEMENT, JURY INSTRUCTIONS, VERDICT FORMS, AND INTERROGATORIES ............................................................ 9*

   *A.   Joint Proposed Jury Statement ............................................ 9*

  B. *Proposed Jury Instructions* ………………………………………… *9*
  C. *Reading of Jury Instructions* ……………………………………*11*
**X.** **JURY SELECTION** …………………………………………………………*11*
**XI.** **CONDUCT OF TRIAL** ……………………………………………………*14*
**XII.** **OPENING STATEMENTS AND CLOSING ARGUMENTS**…………………*14*
**XIII.** **COURTROOM TECHNOLOGY** …………………………………………*14*
**XIV.** **SETTLEMENT CONFERENCE** …………………………………………*15*
**XV.** **SETTLEMENT DEADLINE** ………………………………………………*16*
*Appendix A – Deadlines Chart* …………………………………………………*17*
*Appendix B – Proposed Final Pretrial Order* …………………………………*18*

***I.	INTRODUCTION:*** This order sets deadlines and procedures applicable to this case.[1]  All deadlines in this order apply to the original trial date, or any subsequent date to which the trial is continued, unless stated otherwise.  Parties who elect to represent themselves are held to the same deadlines and procedures as counsel.[2]  A chart setting the deadlines is attached in ***Appendix A***.

***II.	TRIAL DATE:***  Trial is scheduled before Chief United States District Court Judge C.J. Williams at the United States Courthouse in Cedar Rapids, Iowa, on **Monday, April 6, 2026.**

***III.	CONTINUANCE OF TRIAL:***  Unless requested within **14 days** after the date of this order, no continuance of the trial date will be granted except for exceptional cause.

***IV.	FINAL PRETRIAL CONFERENCE:***  A telephonic final pretrial conference (FPTC) is scheduled before District Court Judge C.J. Williams on **Thursday, March 26, 2026, at 3:00 p.m.**  The parties will access the Court's conference bridge by dialing 1-669-254-5252; Meeting ID: 160 7066 1127; Press # key when prompted for participant ID; Passcode: 263603.  At the FPTC, the parties should be prepared to argue all pretrial motions, evidentiary issues, and procedural disputes.

***V.	FINAL PRETRIAL ORDER***:  The parties are jointly responsible for the preparation of the proposed Final Pretrial Order.  See LR 16A(b).  Before the FPTC, counsel must prepare, agree upon, and sign a proposed Final Pretrial Order prepared for the judge's signature in the format in ***Appendix B***.  The parties' **witness lists** (see below) must be included within the body of the proposed Final Pretrial Order.  The parties' **exhibit lists** (see below) must be attached to the proposed Final Pretrial Order. The proposed Final Pretrial Order (a single document that includes the attached exhibit lists)

---

[1] This order was revised August 26, 2024.  The parties are on notice that their duties and responsibilities have changed from what the court has required in prior orders.

[2] Accordingly, wherever the court makes reference herein to an attorney or counsel, it also means a party who is representing themselves.

must **not** be filed, but must be e-mailed, in MS Word format, to the ECF mailbox at ECFmail@iand.uscourts.gov at least **3 days**[3] before the FPTC.

  *A.* *Witness Lists.* Each party must list the names, addresses, and the purpose of the testimony of all witnesses whom the party will call at trial. Parties must exchange witness lists at least **21 days** before the FPTC. Parties should list in good faith every witness whom they will call to establish their cases-in-chief and indicate whether the witness will testify in person or by deposition. Parties are not required to list rebuttal witnesses. By listing a witness, counsel guarantees that witness's presence at the trial. Any witness not listed will not be allowed to testify at trial unless the court orders otherwise before trial to prevent manifest injustice.

  *B.* *Exhibit Lists*. The parties must exchange (but not file) proposed exhibit lists at least **21 days** before the FPTC. The exhibit lists must appear in the following format:

| **(Plaintiff's)(Defendant's) Exhibits** | Category A, B, C | Objections [Cite Fed. R. Evid.] | Offered | (A) - (NA) |
|---|---|---|---|---|
| [1.][A.] [describe exhibit] | | | * | * |
| [2.][B.] [describe exhibit] | | | | |
| [3.][C.] [describe exhibit] | | | | |

[**Parties leave blank for court use at trial*.]

Parties are to use the following categories in the second column for objections to exhibits:

  **Category A**. Exhibits to which neither party objects. They will be deemed admitted in evidence at the commencement of the trial and available for use by any party at any stage of the proceedings without further offer, proof, or objection.

  **Category B**. Exhibits to which a party objects on grounds **other than** foundation, identification, or authenticity. Parties should use this category for objections such

---

[3] Reference to "days" in this order means calendar days, not court days.

as hearsay or relevance. Parties must identify in the third column the Federal Rule(s) of Evidence upon which the party relies in objecting to these exhibits.

**Category C**. Exhibits to which a party objects on grounds of foundation, identification, or authenticity. Parties should not use this category for other objections, such as hearsay. Parties must identify in the third column the Federal Rule(s) of Evidence upon which the party relies in objecting to these exhibits.

Parties are not required to list rebuttal exhibits or impeachment exhibits. At the time the parties exchange exhibit lists they must give written notice to opposing parties of any intent to use a declaration under Federal Rules of Evidence 803(6), 902(11), or 902(12), and must immediately thereafter make the records and declaration available for inspection. The parties have a continuing duty to update their respective exhibit lists with opposing parties and the court.

All exhibits must be marked by the parties before trial in accordance with Local Rule 83E(a), including: the plaintiff(s) must use numbers and the defendant(s) must use letters; exhibits must also be marked with the case number and all exhibits longer than one page must contain page numbers at the bottom of each page. Personal Data Identifiers **must** be redacted from all exhibits unless doing so would be unduly burdensome, in which case the party should ask for the exhibit to be filed under seal when admitted. *See* LR 10(g).

The parties must compare their exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the plaintiff's exhibit list.

The parties must list each exhibit separately in the exhibit lists, unless the court grants leave for a group exhibit. If a party objects to parts of an exhibit, but not to other parts, the offering party must prepare separate versions of the exhibit, one that includes the parts to which objections are being asserted and the other that redacts those parts.

All references to exhibits in deposition testimony that are offered into evidence must correspond to the exhibit designation for trial. The parties are directed to number

or letter their exhibits accordingly.

At least **3 days** before the FPTC, the parties must provide the court with one set of their trial exhibits in a three-ringed binder with each exhibit tabbed and labeled and with an exhibit list (with just exhibit numbers/letters and descriptions) at the front of the binder. These will be used by the jury during deliberations. The parties must also provide the court with a second copy of their exhibit lists in the format listed above, along with one copy of any exhibits the parties object to.

At least **3 days** before the FPTC, the parties must also provide the Clerk of Court with electronic copies of all exhibits. These can be submitted to the Clerk of Court according to the requirements on the Court's website. These electronic versions should be the same as the original trial exhibits (exhibit stickers, etc.) because they will be used by the jurors in the Jury Evidence Recording System (JERS) during deliberations.

All exhibits will be returned to counsel after trial concludes. **Counsel must sign an acknowledgement of receipt of the exhibits and maintain the exhibits until judgment becomes final.** Within **3 days** after trial, the parties must file in CM/ECF all trial exhibits admitted into evidence. The parties will file any exhibits that are offered but not admitted as offers of proof. The parties will not file any exhibits not offered into evidence. All filed exhibits are made a part of the public record of the case unless the court specifically orders otherwise. The parties do not need to seek leave from the court to file exhibits under seal if that exhibit contains any of the Personal Data Identifiers listed in LR 10(g). Instructions for electronically filing exhibits in CM/ECF can be found on the court's website.

*C.* *Demonstrative Aids*. At least **3 days** before trial, a party using a demonstrative aid during a jury trial must show it to all other parties participating in the trial before it is displayed to the jury. The term "demonstrative aid" includes charts, diagrams, models, samples and animations, but does not include exhibits admitted into evidence or outlines of opening statements or closing arguments. Any disputes or objections concerning demonstrative aids must be brought to the court's attention and

resolved before the demonstrative aid is displayed to the jury.

## VI. *WITNESSES:*

The restrictions on witnesses in this section do not apply to the parties or a party representative.

  **A.** *Protocol for Witnesses*. Counsel calling witnesses to testify must advise the witnesses: (1) that substances such as food, beverages, and chewing gum should not be brought into the courtroom; and (2) proper dress for the courtroom <u>does not</u> include shorts, overalls, T-shirts, shirts with printed words or phrases on the front or back, tank tops or the like.

  **B.** *Exclusion of Witnesses*. Before testifying, witnesses are not permitted to hear, or learn through any other means, the testimony of any other witness. Witnesses are excluded from the courtroom during the trial until after they have completed their testimony unless the witness's presence is authorized by Federal Rule of Evidence 615 or unless the court orders otherwise.

  **C.** *Restrictions on Communications with Witnesses*. Unless the court orders otherwise, after the start of the trial, and until the conclusion of the trial, witnesses are prohibited from communicating with anyone, including counsel, about what occurred in the courtroom during the trial. After the witness is tendered for cross-examination and until the conclusion of the witness's testimony, the witness is prohibited from communicating with anyone about the subject matter of the witness's testimony. A witness may, however, communicate with his or her counsel about matters of privilege, and may communicate with anyone if the right to do so is guaranteed by the United States Constitution.

  **VII.** *TESTIMONY BY DEPOSITION*: Any party intending to present testimony by deposition must, at least **28 days** before trial, serve on the opposing parties a written designation of those portions of the deposition the offering party intends to offer into evidence. At least **21 days** before trial, a party who objects to the intended testimony

must serve on the offering party any objections to the designated testimony and a counter-designation of any additional portions of the deposition the opposing party intends to offer into evidence. At least **14 days** before trial, the party offering the deposition testimony must serve on the opposing parties any objections to the counter-designated testimony and a written designation of any additional portions of the deposition the offering party intends to have read into evidence. Any designations must include page and line numbers. At least **7 days** before trial, the parties must consult with each other and attempt to resolve any objections to the proposed deposition testimony. At least **5 days** before trial, the party intending to offer the deposition testimony must provide the judge with the following: (a) a full copy of the deposition transcript or video recording; (b) a redacted exhibit containing only the lines of the deposition transcript or parts of the video recording to be admitted into evidence; (c) a statement listing all unresolved objections to the deposition testimony; and (d) the parties' combined list of all of the portions of the deposition to be admitted into evidence (listing transcript sections by page and line number and video recordings by counter number). The court will review any objections, make any necessary rulings, and make whatever record may be necessary to establish which portions of the deposition testimony are being received into evidence. Parties will be responsible for editing any video recording to comply with the court's ruling.

Prior to the close of evidence, the party offering the deposition testimony must furnish the original deposition transcript or video recording to the court. The offering party must clearly highlight the portions of the transcript that were read into or shown as evidence. The transcript and/or video recording will be marked as a court exhibit and preserved as part of the official record.

*VIII.* *TRIAL-RELATED MOTIONS AND TRIAL BRIEFS*: The parties must notify the court by motion in limine or by motion under Federal Rule of Evidence 104(a) of any novel, unusual, or complex legal, factual, or procedural issues reasonably anticipated to arise at trial. Parties should file only one motion in limine encompassing all issues. All

such motions must be filed at least **21 days** before the FPTC.  Resistances to such motions must be filed within **7 days** after the motion is filed.  Motions in limine should address the admissibility of evidence pursuant to the Federal Rules of Evidence and must specifically reference the rule(s) the parties believe relate to the admissibility of the evidence.  Motions in limine must also be sufficiently detailed so the court may rule on the motion in advance of trial.  Parties must include copies of transcripts, exhibits, or other documents that pertain to the evidence in dispute.  Parties should not use motions in limine simply to alert the court to areas of testimony parties believe may generally be objectionable; rather, those matters should be included in a trial brief.

Trial briefs must be filed at least **3 days** before the FPTC.  Trial briefs should address any significant issues not adequately addressed by the parties through dispositive or other pretrial motions, or other matters the parties wish to alert the court  that may arise during trial.

*IX.* *JURY STATEMENT, JURY INSTRUCTIONS, VERDICT FORMS, AND INTERROGATORIES*:  At least **3 days** before the FPTC, the parties must file the following: (1) joint proposed jury statement; (2) joint proposed jury instructions; (3) proposed verdict forms; (4) and any requested special interrogatories.

*A.* *Joint Proposed Jury Statement*:  The judge will read the jury statement to the jury panel before voir dire, to provide a brief overview of the case, so the members of the panel will be able to give meaningful responses to voir dire questions.  It has no other purpose.  In general, the jury statement need not be as detailed as the statement of the case that is included with the actual jury instructions.  The parties should make every effort to agree upon the language used in the statement.  Any disputes about the proposed language should be noted in the document.

*B.* *Proposed Jury Instructions*:  Counsel assistance with the preparation of jury instructions is mandatory and failure to submit proposals or objections as indicated in this order will be deemed a waiver of such proposals or objections, unless the subject

of an instruction arises during trial that reasonably could not have been anticipated before trial from the pleadings, discovery, or nature of the case. To aid counsel, instructions used in prior cases, including case-specific and stock instructions, are available on the court's website. At least **21 days** before the FPTC, the parties must serve on each other (but not file) proposed jury instructions. At least **14 days** before the FPTC, counsel for the parties must consult with each other and attempt to work out any differences in their proposed jury instructions. Counsel for the plaintiff(s) must then organize the proposed jury instructions into one document, prefaced by a table of contents, file the joint proposed jury instructions on CM/ECF, and provide those instructions in MS Word format by e-mail to the trial Judge's Assistant.

Jury instructions must be prepared in accordance with Local Rule 51 and the following instructions. Each requested instruction must address a single subject, be numbered separately, begin on a separate sheet of paper, and be double-spaced (disputed instructions on the same issue must be identified, for example, as 5A for the plaintiff's submission and 5B for a defendant's submission). Each proposed instruction must indicate at the bottom the authority on which it is based, such as model instruction numbers, decisions, statutes, regulations, or other authority. Except for jury instructions to which the parties agree, the bottom of each proposed jury instruction must include the following: (a) the party offering the instruction; and (b) each objection to the instruction by an opposing party, and whether the objection is to (1) the language of the instruction, (2) the giving of the instruction, or (3) both. If a party objects to the language of a proposed instruction, the party must identify the objectionable language and cite to applicable authorities. Pattern instructions may be requested by reference to the publication, page number, and instruction number. Any proposed modification to a pattern instruction, such as name of a party or witness or applicable alternative language, must be marked with additions underscored and deletions struck out or setting out the deletions in parentheses.

Prior to trial, the court will provide the parties with proposed jury instructions with deadlines for filing objections to the proposed instructions. Failure to file timely objections to proposed jury instructions will constitute a waiver of the right to make objections to those instructions.

*C.* *Reading of Jury Instructions*: The court does not require the court reporter to report the reading of the jury instructions and considers the instructions read as published in the final written version. The parties should make a record as to any misreads of the instructions at the conclusion of the reading of the instructions.

It is the practice of the court to read all but the last two of the final instructions to the jury prior to closing arguments. The last two instructions, which concern the jury's duties during deliberations, will be read upon the conclusion of closing arguments, just prior to the jury retiring to consider its verdict(s).

If any party has an objection to any part of this procedure, that objection must be raised at or before the FPTC.

*X.* *JURY SELECTION*: The following describes the jury selection procedures.

*A.* The Clerk of Court will notify approximately 32 randomly selected potential jurors to appear at the courthouse at a designated time on the first day of trial. About a week before trial, the Clerk of Court will file a list of the potential jurors, together with copies of their responses to juror questionnaires, and a seating chart of the first 14 potential jurors in the order in which they were randomly drawn.

*B.* The first 14 preselected potential jurors appearing for jury selection will be seated in order in the jury box [4] and will be the potential jurors first considered for empanelment on the jury. The judge will swear in the entire panel, make introductory

---

[4] If any of the first fourteen preselected potential jurors do not appear for jury selection or are excused from jury service after arriving at the courthouse, they will be replaced with the next potential juror on the court's list of preselected potential jurors and counsel will be provided with an updated list.

remarks, and conduct an initial voir dire. This voir dire may include questions for the panel that a party requests the court to pose. Any proposed voir dire for the court must be filed **3 days** before the FPTC.

  *C.* After the court has completed its questions, each side may conduct up to 30 minutes of voir dire. A request for additional time for party voir dire because of the complexity or unusual nature of a case, or in multi-party cases, must be made at the FPTC. The parties are not permitted to argue their case or engage in questioning unrelated to the potential jurors' ability to serve.

  *D.* The parties may challenge any potential juror for cause. These challenges may be made at sidebar. The court will replace a potential juror excused for cause with the next potential juror on the court's list of preselected jurors who then will undergo the same questioning as the other potential jurors. There will be 14 potential jurors remaining in the jury box at the conclusion of voir dire.

  *E*. The court will use the "serial strike" method for exercising peremptory strikes. After voir dire, and after ruling on all for-cause challenges, the court will allow the parties 10 minutes to review their notes before excusing the prospective jurors from the courtroom and allowing the parties another 10-minute break to review their notes and arrive at decisions regarding the exercise of peremptory strikes. After the break, but with the prospective jurors still outside the courtroom, the court will begin the process of calling upon the parties to exercise peremptory strikes juror by juror. The court will begin with the first prospective juror seated in the box. The court will first call upon the plaintiff and inquire whether the plaintiff wishes to exercise a peremptory strike on Juror #1. The court will identify the prospective jurors by last name and by the number of the seat the prospective juror occupies in the box. If the plaintiff exercises a peremptory strike, Juror #1 is removed from the jury. If the plaintiff declines to exercise a peremptory strike on Juror #1, the court will inquire if the defendant wishes to exercise a peremptory strike on Juror #1. If the defendant exercises a peremptory strike on Juror

#1, that juror is removed from the jury. If the defendant declines to exercise a peremptory strike on Juror #1, then Juror #1 will be on the jury.

The court will then turn to Juror #2 and will inquire first if the defendant wishes to exercise a peremptory strike on Juror #2. If the defendant exercises a peremptory strike, Juror #2 is removed from the jury. If the defendant declines to exercise a peremptory strike on Juror #2, the court will inquire if the plaintiff wishes to exercise a peremptory strike on Juror #2. If the plaintiff exercises a peremptory strike on Juror #2, that juror is removed from the jury. If the plaintiff declines to exercise a peremptory strike on Juror #2, then Juror #2 will be on the jury.

The court will then turn to the next jurors in the order in which they are seated in the box and repeat the process, alternating as to which side is asked first. Each time both parties decline to exercise a peremptory strike on a prospective juror, that prospective juror will become a member of the jury. Once the jury consists of the appropriate number of jurors, the process will end, even if the parties have not used all their peremptory strikes. No back-striking will be allowed.

*F.* After completing the serial strikes, the Courtroom Deputy will provide the parties with the chart for review. The Courtroom Deputy will then provide the chart to the court. At this time, the jurors will be brought back into the courtroom. The names of the 8 remaining jurors will be announced, and the rest of the panel will be excused. The 8 names announced will be the jury.

*G.* The judge will swear in the jury.

*H.* **THERE ARE NO ALTERNATE JURORS. ANY VERDICT MUST BE UNANIMOUS**. During trial, if any of the 8 jurors has to be excused from jury service for any reason, the case can be decided by as few as 6 jurors. Upon stipulation of the parties, the verdict can be less than unanimous or decided by fewer than 6 jurors, or both.

*I.* Any objection to the procedures for selecting jurors must be filed **at least 21 days** before the start of trial.

*XI.* *CONDUCT OF TRIAL*: It is anticipated that the first day of trial will last from 9:00 a.m. to 5:00 p.m. Thereafter, trial days may start or end at different times, depending on the court's schedule. The court will notify the parties of the trial schedule no later than the FPTC. The parties are expected to have witnesses available so the court can take testimony throughout the full trial day without undue delay.

A Pretrial Conference will be held in the courtroom starting promptly at 8:30 a.m. on the first day of trial. The court expects all counsel and parties to be present for the pretrial conference at the scheduled time. After the first day of trial, counsel and the parties are expected to be in the courtroom by no later than 8:15 a.m. each morning of trial. The time between 8:15 a.m. and the start of testimony is to be used to review exhibits the parties anticipate introducing into evidence during that trial day, to set up any audiovisual equipment, and to take up any evidentiary or other issues which need to be addressed before the presentation of evidence resumes. If a party believes there may be particularly difficult issues requiring more than five or ten minutes to resolve, that party must promptly advise the court and opposing counsel. The court will then set an earlier meeting time so trial can start on time.

*XII.* *OPENING STATEMENTS AND CLOSING ARGUMENTS*: Opening statements are limited to **15 minutes** and closing arguments are limited to **1 hour**. A request for additional time for opening statements or closing arguments must be made no later than the FPTC. If, however, issues arise during trial that could not have reasonably been foreseen and that warrant additional time, the court may extend the time limit for closing arguments. Counsel must at all times, however, either speak in front of a microphone or use a lavaliere microphone.

*XIII.* *COURTROOM TECHNOLOGY*: Before the start of trial, counsel and witnesses who intend to use the technology available in the courtroom must familiarize themselves with the proper operation of the equipment. Instruction and training on the proper use

of the equipment may be obtained from the court's automation staff whose contact information is on the court's website.

At least **10 days** before trial, any party wishing to use video conferencing technology for the testimony of any witness **must** first obtain consent from the court, stating opposing counsel's position, and then contact the court's automation staff to schedule a test call with any witnesses planning on appearing via video. Failure to comply with the court's requirements for video conferencing will result in the court denying the opportunity to have a witness testify via video conferencing.

If a party wishes to connect a laptop or other electronic device to the courtroom equipment, the party must have the device tested by the court's automation staff **at least 7 days before trial**. Failure to have the device tested will result in the court denying the connection of the laptop or other electronic device to the courtroom equipment.

If a party wishes to present electronic evidence requiring use of the courtroom equipment, the party **must** schedule a test with the court's automation staff **at least 7 days** before trial to ensure compatibility with the courtroom equipment.

Wi-Fi is available for the parties to use during court proceedings. Users of the court's Wi-Fi are bound by the court's Wireless Access Policy, which can be found on the court's website.

*XIV.* *SETTLEMENT CONFERENCE*: The court prefers private mediation and disfavors judicial involvement in the settlement process. Thus, the parties are encouraged to arrange for private mediation if they believe it would be beneficial to involve a neutral party in their settlement negotiations. If private mediation is not a viable option, any party may contact the chambers of the United States Magistrate Judge assigned to this case to request a settlement conference. Such contact may be ex parte for the sole purpose of inquiring about a settlement conference. Absent extraordinary circumstances, a settlement conference will not be scheduled unless all parties express a willingness to participate. Even if all parties agree, the court retains discretion to decline to conduct a settlement conference. If conducted, a settlement conference will be subject to the court's

Local Rules and any additional requirements and limitations that may be imposed by the judicial officer who agrees to conduct the conference.

*XV.* <u>*SETTLEMENT DEADLINE*</u>:  The court imposes a settlement deadline of **5:00 p.m., 7 days before the first scheduled day of trial**.  If the case is settled after that date, the court may enter an order to show cause why costs and sanctions should not be imposed on the party or parties causing the delay in settlement.

**IT IS SO ORDERED** this 6th day of December, 2024.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

# *APPENDIX A*
## *Deadlines Chart*

| Event | Deadline | Page |
|---|---|---|
| Draft Final Pretrial Order to ECF mailbox | 3 days before FPTC | 4 |
| Parties exchange witness lists | 21 days before FPTC | 4 |
| Parties exchange exhibit lists | 21 days before FPTC | 4 |
| Exhibits to court and Clerk of Court | 3 days before FPTC | 6 |
| Exhibits filed on CM/ECF | 3 days after trial | 6 |
| Parties disclose demonstratives | 3 days before trial | 6 |
| Offering party identifies depos to be used in trial | 28 days before trial | 7 |
| Opposing party serves objections, identifies other portions of depos to be used in trial | 21 days before trial | 7 |
| Offering party serves objections to other portions of depos | 14 days before trial | 8 |
| Parties confer to resolve objections to depos | 7 days before trial | 8 |
| Judge provided with copies of depos & objections | 5 days before trial | 8 |
| Motions in limine filed | 21 days before FPTC | 9 |
| Resistances to motions in limine filed | 7 days after service of motion | 9 |
| Trial Briefs | 3 days before FPTC | 9 |
| Requests for additional time for opening/closing | No later than FPTC | 14 |
| Parties serve proposed jury instructions on each other | 21 days before FPTC | 10 |
| Parties confer to resolve differences re: jury instructions | 14 days before FPTC | 10 |
| Parties file joint proposed jury instructions | 3 days before FPTC | 9 |
| Parties file joint proposed jury statement | 3 days before FPTC | 9 |
| Parties file proposed verdict forms | 3 days before FPTC | 9 |
| Parties file requested special interrogatories | 3 days before FPTC | 9 |
| Parties file requested voir dire questions | 3 days before FPTC | 12 |
| Parties file objections to jury selection procedures | 21 days before trial | 13 |
| Notify court automation staff of intent to use video conferencing technology | 10 days before trial | 15 |
| Notify court automation staff to connect laptop | 7 days before trial | 15 |
| Notify court automation staff to present electronic evidence | 7 days before trial | 15 |
| Notice of settlement | 7 days before trial | 16 |

## *APPENDIX B*
## *Sample Proposed Final Pretrial Order*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
_____ [1] DIVISION

| | |
|---|---|
| [plaintiff],<br><br>        Plaintiff,<br><br>vs.<br><br>[defendant],<br><br>        Defendant. | No. C_____-<br><br>FINAL PRETRIAL ORDER<br>(PROPOSED) |

_____

This final pretrial order was entered after a final pretrial conference held on date. The court expects the parties to comply fully with this order.[2]

The following counsel, who will try the case, appeared at the conference:

1. ***For plaintiff(s):***
   Name(s)
   Street Number, Street Name and/or Box Number
   City, State and Zip Code
   Phone Number [include area code]
   E-mail address

---

[1] [NOTE: Instructions for preparing this form appear in brackets and should not be reproduced in the proposed Final Pretrial Order. All material not appearing in brackets should be reproduced in the proposed Final Pretrial Order.]

[2] Full compliance with the order will assist the parties in preparation for trial, shorten the length of trial, and improve the quality of the trial. Full compliance with this order also will help "secure the just, speedy, and inexpensive determination" of the case. FED. R. CIV. P. 1.

> **2.**     *For defendant(s):*
>     Name(s)
>     Street Number, Street Name and/or Box Number
>     City, State and Zip Code
>     Phone Number [include area code]
>     E-mail address

**I.    STIPULATION OF FACTS**:  The parties agree that the following facts are true and undisputed:[The parties are to recite all material facts to which there is no dispute. Special consideration should be given to such things, for example, as life and work expectancy, medical and hospital bills, funeral expenses, cause of death, lost wages, back pay, the economic value of fringe benefits, and property damage.  The parties should stipulate to an undisputed fact even if the legal relevance of the stipulated fact is questioned by one or more party, but in such instances the stipulated fact should be followed by an identification of the objecting party and the objection (e.g. "Plaintiff objects to relevance.")]

**II.    EXHIBIT LIST**: The parties' exhibit lists are attached to this Order.[The parties must attach to this order (not include in the body of the order) exhibit lists that list all exhibits (except for impeachment and rebuttal exhibits) that each party intends to offer into evidence at trial.  Exhibit lists are to be prepared in the attached format, indicating objections using the categories described in the form.

All exhibits are to be made available to opposing counsel for inspection at least 21 days before the date of the FPTC.  Failure to provide an exhibit for inspection constitutes a valid ground for objection to the exhibit, and should be noted on the exhibit list.

Copies of all exhibits to which there may be objections must be provided to the court at least 3 days before the FPTC.  If an exhibit is not provided to the court in advance of the FPTC and an objection is asserted to the exhibit at the FPTC, the court may exclude the exhibit from evidence.  Any exhibit not listed on the attached exhibit list is subject to exclusion at trial.  The court may deem any objection not stated on the attached exhibit list as waived.]

**III.    WITNESS LIST**:  The parties intend to call the following witnesses at trial:[Each party must prepare a witness list that includes all witnesses (except for rebuttal witnesses) whom the party intends to call to testify at trial.  The parties are to exchange their separate

<span style="color:red">witness lists at least 21 days before the date of the FPTC. The witness lists are to be included in the following format. A witness testifying by deposition must be listed in the witness list with a designation that the testimony will be by deposition.]</span>

<span style="color:red">A. *Plaintiff(s) witnesses* [list name, substance of testimony, whether any party objects to the witness, and the nature of and grounds for any objection]:</span>

<span style="color:red">B. *Defendant(s) witnesses* [list name, substance of testimony, whether any party objects to the witness, and the nature of and grounds for any objection]:</span>

All parties may call any witness listed by an opposing party. A party listing a witness guarantees the witness's presence at trial unless it is indicated otherwise on the witness list. Any objection to the offer of testimony from a witness on the witness list is waived if it is not stated on this list.

IV. <u>EVIDENTIARY AND OTHER LEGAL ISSUES</u>:

    A. <u>*Plaintiff(s) Issues:*</u>

    B. <u>*Defendant(s) Issues:*</u>

<span style="color:red">[The parties must list all unusual evidentiary and legal issues that are likely to arise at trial, including such things as disputes concerning the admissibility of evidence or testimony under the Federal Rules of Evidence; the elements of a cause of action; whether recovery is barred as a matter of law by a particular defense; disputes concerning the measure, elements, or recovery of damages; and whether the Statute of Frauds or the Parol Evidence Rule will be raised. The purpose of this listing of issues is to advise the court in advance of issues and problems that might arise at trial.]</span>