IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| **JEREMY MCKNIGHT** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 24-cv-0119-CJW-KEM |
| | ) | |
| **CRST LINCOLN SALES, INC.;** | ) | |
| **CRST EXPEDITED INC. D/B/A** | ) | |
| **CRST THE TRANSPORTATION** | ) | |
| **SOLUTION, INC.** | ) | |
| | ) | **UNRESISTED** |
| Defendants. | ) | |

## PLAINTIFF'S UNRESISTED MOTION FOR LEAVE TO FILE SECOND AMENDED AND RESTATED COMPLAINT

Comes now the Plaintiff, Jeremy McKnight, in the above-styled cause and, pursuant to the Court's Order (Doc. 38, p. 1) and Fed. R. Civ. P. 15(a)(2), files this Unresisted Motion for leave to file the attached Second Amended and Restated Complaint **(Exhibit A)** which adds three additional party plaintiffs, additional material facts, and one additional claim related to the underlying disputes which were learned by Plaintiff's counsel after filing the Complaint (Doc. 1) on April 24, 2024, and First Amended and Restated Complaint (Doc.3)[1] on May 2, 2024.

---

[1] On April 24, 2024, Plaintiff filed his Complaint and Exhibits A-B. Plaintiff filed his First Amended Complaint (before the Summons and Complaint were issued) on May 2, 2024 and included the additional facts and additional claim plead in "Count VII" concerning Defendants' violations of The Odometer Act. All facts and claims from the Complaint (Doc. 1) filed on April 24,

1

Plaintiff's Second Amended Complaint (Exh. A) pleads an additional claim for Unlawful Wage Deductions in Violation of Iowa's Wage Payment Collection Law, Iowa Code § 91A.1 *et. seq* (Exh. A, Count VIII). The amendment also seeks to add three additional plaintiffs: (1) Christopher McCain ("Mr. McCain"); (2) James Crutchfield ("Mr. Crutchfield"); (3) and Wayne Wolf ("Mr. Wolf). In support of this motion, Plaintiff shows to the Court as follows:

1. This First Amended Complaint was filed on May 2, 2024. (Doc. 3). Shortly thereafter, Defendants sought to remove the case from Alabama to Iowa. Once removed, Defendants filed their Answer on November 19, 2024. (Doc. 34).

2. Initial disclosures have been exchanged and discovery has just begun.

3. Per the Court's Order, the Parties' deadline to file motions to add parties or amend pleadings is February 28, 2025. (Doc. 38, p. 1).

4. Mr. Wolf, Mr. Crutchfield, and Mr. McCain have retained the undersigned counsel AND with the exception of not pursuing a claim under the Odometer Act their claims are identical as Plaintiff McKnight's.

5. Mr. Wolf, Mr. Crutchfield, and Mr. McCain were employed by the Defendants as Lease Purchase Owner Operators and their facts, agreements with Defendants, circumstances, and claims against Defendants directly align with Plaintiff

---

2024 remained the same for the First Amended Complaint (Doc. 3) .

McKnight and concern the same pattern and practice of the Defendants' challenged in Plaintiff's Complaint.

6. Further, the additional named Plaintiffs included in the amendment have interest and claims that are co-aligned and interrelated with the existing Plaintiff such that the amendment is warranted. The additional Plaintiffs have suffered from Defendants' common policies and practice of unlawfully failing to pay Plaintiffs and/or reducing Plaintiffs' LPA/ICOA compensation while operating for Defendants. The additional Plaintiffs also claim Defendants subjected them to unconscionable terms and conditions as set forth in the ICOAs and Lease agreements and Defendants had a policy and practice of recruiting and hiring Drivers based on fraudulent misrepresentations. Lastly, Exhibit A also pleads similarly to McKnight's Complaint (Doc. 3) that Defendants had a policy and practice of failing to adhere to and perform the provisions of the ICOA that are required by the Truth in Leasing Act, in violation of the Truth in Leasing Act and its implementing regulations.

7. These facts and claims of the additional Plaintiffs have been discovered since the initial complaint was filed.

8. On January 16, 2025, Plaintiff's Counsel contacted Defendants' counsel and informed him of his intention to move to amend and/or file a separate action for the additional three plaintiffs. For the sake of saving judicial resources, the

undersigned requested the right to amend in the new Plaintiffs.

9. Defendants' Counsel does not resist Plaintiff's Motion to Amend.

10. Pursuant to Fed. R. Civ. P. 15(a)(2), Defendants' counsel's written consent concerning Plaintiff's request to amend is attached hereto as **Exhibit B**.

11. The Defendants will not be prejudiced by the allowance of this amendment nor will this matter be impeded as this litigation is in the very early stages.

12. Further, the allowance of this amendment will preclude the need for separate litigation by Wolf, McCain, and Crutchfield which would involve the same Defendants with substantially similar allegations in the same forum.

13. Plaintiff urges that the amendment is due to be granted in the interest of justice and judicial efficiency as well as the reasons stated above.

## ARGUMENT

**I. LEAVE TO AMEND IS UNRESISTED AND PLAINTIFF HAS MET THE STANDARD FOR OBTAINING LEAVE TO AMEND UNDER FEDERAL RULE OF CIVIL PROCEDURE 15**

Plaintiff's Motion for Leave to file the amended complaint is not resisted and the amendment is sought within the Court's February 28, 2025 deadline pursuant to its Order (Doc. 38).

As this Court well knows, in *Foman v. Davis*, 371 U.S. 178, 182 (1962), the

Supreme Court set out various factors a trial court may consider in ruling on a motion for leave to amend. These factors include whether the movant has a bad faith or dilatory motive, the prejudice to the other parties, evidence of undue delay in seeking leave to amend, and whether the amendment is futile.

These factors favor the Plaintiffs. There is no bad faith in attempting to bring all of the necessary parties and claims into the same lawsuit. There is no prejudice to the other parties to have all of the claims adjudicated simultaneously. There was no undue delay in filing for leave of Court. The amendments are valid claims which are not facially futile and the need for permissive joinder of Plaintiffs whose causes of action are timely and directly related to Plaintiffs against Defendants here is in the interest of justice. Plaintiff submits his Motion for Leave should be granted.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See also*, *Thomas v. Performance Contrs*. 2018 U.S. Dist. LEXIS 235474 at *3, (N.D. Iowa 2018)(citing, *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2009)).

Defendants cannot be prejudiced, or caught off guard, by the new facts, claims, or joinder of additional Plaintiffs plead in the proposed amendment (Exh. A) since the Defendants have first-hand knowledge of the roles they played in this action, the

ICOA/LPA drivers Defendants employed during the relevant time period, and knowledge of the facts surrounding Plaintiffs' claims and the Defendants' defenses. Furthermore, there is no apparent reason for denying the Motion to Amend, as none of the factors that may militate against it is present in this case. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should therefore grant Plaintiff's motion.

The interests of justice and judicial economy will undoubtedly be served by having all allegations and parties properly before the Court as set forth in Plaintiff's proposed amended complaint. The amendment of the additional Plaintiffs is necessary and amended facts and claims are narrowly tailored to reflect the present circumstances and Plaintiffs' present understanding of the case. In so doing, the action can more effectively proceed on the merits.

Finally, Plaintiffs' request to file an amended complaint is not futile as Plaintiffs have alleged sufficient facts to state a claim for relief that is facially plausible.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court, upon consideration of this motion, will grant the Plaintiff's leave to file Plaintiffs' Second Amended and Restated Complaint.

RESPECTFULLY SUBMITTED,

*s/ Daniel Patrick Evans*
D. Patrick Evans, *Appearing Pro Hac Vice*
ASB-3209-R67G
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, AL 35209
PHONE: 205-870-1970
FAX: 205-870-7763
dpevans@evanslawpc.com

*s/ Jay M. Smith*
Jay M. Smith - AT0007387
Smith & McElwain
418 Pierce Street
Sioux City, IA 51102
Telephone: 712/255-8094
Facsimile: 712/255-3825
E-mail: smitmcel@aol.com
***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of February 2025, I electronically filed the foregoing Unresisted Motion for Leave to File Second Amended and Restated Complaint using the CM/ECF system which will send notifications of such filing to the following:

Thomas D. Wolle, Esq.
Simmons, Perrine, Moyer, Bergman PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
E-mail: twolle@spmblaw.com

***Attorneys for Defendants***

*s/ D. Patrick Evans*
*Of Counsel*